# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| LAURENCE GIL,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI GLOVIS EV LOGISTICS AMERICA LLC,<br><br>Defendant. | 4:25-CV-107 |

## ORDER

Before the Court is Defendant Hyundai Glovis EV Logistics America LLC's ("Hyundai") motion for summary judgment. Dkt. No. 33. The motion has been fully briefed and is ripe for review. Dkt. Nos. 33, 35, 36. For the reasons stated below, Defendant's motion, dkt. no. 33, is **GRANTED**.

## BACKGROUND

This case involves a promotion denial and ultimate termination of a Hyundai employee. Plaintiff, a former Hyundai employee, began working for Hyundai on November 27, 2023 at its facility in Ellabell, Georgia. Dkt. No. 35 at 2. While working at Hyundai, Plaintiff alleged that he witnessed and made complaints about several safety violations to his supervisor, Ted Ha. Id. at 2. Plaintiff's colleagues made comments that his complaints were "old-school" and "outdated." Id. at 2, 182.

Mr. Ha placed Plaintiff on a Performance Improvement Plan (PIP") around September 10, 2024. Id. at 96. The PIP identified several areas in which Plaintiff's performance required improvement, including: (1) customer relations, (2) understanding and skills for the job, (3) ownership of the work being completed, (4) collaboration with internal relevant departments, and (5) communication methods and attitudes. Dkt. No. 33-1 ¶ 30. The PIP further documented "specific performance deficiencies under each of these five categories." Id. ¶ 31. The PIP also stated that "[f]ailure to meet and sustain improved performance may lead to further disciplinary action, up to and including termination. Corrective action may be taken in conjunction with, during, or after the performance plan." Id. ¶ 32.

Under the PIP, Plaintiff's performance "would be monitored and evaluated by management," and Plaintiff would have to "participate in periodic meetings with management to review his progress." Id. 33—34. On September 11, 2024, Plaintiff and Mr. Ha "acknowledge[d] the PIP by signing and dating the document." Id. ¶ 35; Dkt. No. 35 at 97. After the PIP was issued, Hyundai management documented several specific deficiencies in Plaintiff's performance. Dkt. No. 33-1 at 9; Dkt. No. 35 at 98—109. Plaintiff was terminated from his role on September 23, 2024. Dkt. No. 35 at 2. Plaintiff filed a Charge of Discrimination against Hyundai with the Equal Employment Opportunity Commission ("EEOC") on March 11,

2025. Dkt. No. 33-1 ¶ 49. On March 14, 2025, the EEOC dismissed the Charge and issued Plaintiff a Notice of Right to Sue. Id. ¶ 51.

Plaintiff filed this suit on May 5, 2025. Dkt. No. 1. In his complaint, Plaintiff listed one cause of action—discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Id. at 4. Within that count, Plaintiff alleged that he was denied a promotion and ultimately terminated because of unlawful discrimination against him based on his age. Id. at 4—5. Hyundai now moves for summary judgment on the bases that Plaintiff cannot establish either a prima facie case of age discrimination or show that Defendant's stated reason for the discharge is pretextual. Id.

**LEGAL STANDARD**

The Court should grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence would allow "a reasonable jury to return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. The Court must view all

facts in the light most favorable to the non-moving party and draw all inferences in its favor. Tolan v. Cotton, 572 U.S. 650, 657 (2014).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the Court that there is an absence of evidence to support the nonmovant's case. See id. at 325. If the movant discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. See Anderson, 477 U.S. at 257. The nonmovant may satisfy this burden in one of two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. However, the nonmovant must show more than "a mere 'scintilla' of evidence" to prevail. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). Thus, if the evidence presented by the nonmoving party is "merely

colorable or is not significantly probative," then summary judgment can be granted. Anderson, 477 U.S. at 249 (internal citations omitted).

## DISCUSSION

Hyundai moves for summary judgment on Plaintiff's ADEA claim and argues that "Plaintiff cannot establish a prima facie case of age discrimination with respect to either the promotion decision or his termination." Dkt. No. 33-2 at 13, 18. Hyundai further argues that Plaintiff cannot demonstrate that Hyundai's proffered reason for either decision was pretext for discrimination. Id. at 15–17, 22–25.

### I. Failure to Promote Claim Under the ADEA

Hyundai moves for summary judgment on Plaintiff's failure to promote claim on two grounds. Id. at 13. First, Hyundai argues that Plaintiff cannot establish a prima facie claim for discrimination because Plaintiff was not qualified for the position for which he applied and Hyundai promoted an individual within Plaintiff's protected class. Id. at 13–14. Second, Hyundai argues that it offered a legitimate, non-discriminatory reason for deciding to not promote Plaintiff, and Plaintiff failed to produce evidence indicating that such reason was mere pretext. Id. at 15–17.

Plaintiff concedes Hyundai's motion for summary judgment as to the failure to promote claim. Dkt. No. 35 at 4 ("Plaintiff will

concede to Defendant's arguments surrounding Plaintiff's failed promotion only. Plaintiff, however, disputes Defendant's contentions surrounding Plaintiff's termination."). As such, Hyundai's motion is unopposed as to this claim, and the Court may accept this concession. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 972 (11th Cir. 2008) (holding that a party who does not defend a claim on summary judgment abandons the claim). Therefore, Hyundai's motion for summary judgment as to Plaintiff's failure to promote claim under the ADEA is **GRANTED**.

## II. Wrongful Termination Claim Under the ADEA

Next, Hyundai moves for summary judgment on Plaintiff's wrongful termination claim on three grounds. Dkt. No. 33-2 at 17. First, Hyundai argues that Plaintiff cannot demonstrate that he was qualified for the job. Id. at 18—21. Second, Hyundai argues that Plaintiff cannot demonstrate that he was replaced by a substantially younger employee. Id. at 21—22. Lastly, Hyundai contends that Plaintiff cannot demonstrate that Hyundai's proffered reason for termination is a pretext for discrimination. Id. at 22—25.

In response, Plaintiff argues that evidence shows he was qualified for the job and replaced by a substantially younger employee. Dkt. No. 35 at 5—7. Further, Plaintiff argues that he can demonstrate that Hyundai's proffered reasons for terminating him are pretextual. Id. at 7—12.

"The ADEA prohibits employers from firing employees who are forty years or older because of their age." Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015) (citing 29 U.S.C. § 623(a)(1); Sims v. MVM, Inc., 704 F.3d 1327, 1331—32 (11th Cir. 2013)). "To assert an action under the ADEA, an employee must establish that his age was the 'but-for' cause of the adverse employment action." Id. (citing Gross v. FBL Fin. Servs, Inc., 557 U.S. 167, 176 (2009)). "This showing can be made through either direct or circumstantial evidence." Id. (citing Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1204 (11th Cir. 2010)). When an ADEA claim is based on circumstantial evidence, the Court applies the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id.

"Under McDonnell Douglas, an employee must first establish a prima facie case, which creates a presumption of unlawful discrimination." Id. "Once an employee has established a prima facie case, 'the burden shifts to the employer to rebut the presumption of discrimination with evidence of a legitimate, nondiscriminatory reason for the adverse employment action.'" Id. "If the employer proffers a legitimate, nondiscriminatory reason, the burden shifts back to the employee to show that the employer's reason is a pretext." Id.

The Court begins its analysis by determining whether a genuine dispute of material fact exists as to any of the four elements

required for Plaintiff to establish a prima facie case of age discrimination.

**A. Plaintiff has not established a prima facie case of age discrimination.**

"To make a prima facie case of age discrimination, the employee must show: (1) he was a member of the protected group between the age of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged." Liebman, 808 F.3d at 1298 (citing Kragor v. Takeda Pharm. Am., Inc., 702 F.3d 1304, 1308 (11th Cir. 2012)).

Hyundai does not dispute—and the evidence shows—that Plaintiff was between the ages of forty and seventy and hence a member of the protected group under the ADEA. Dkt. Nos. 33-2 at 3, 35 at 5; see also Dkt. No. 35 at 41. Therefore, the Court looks to whether Plaintiff was subject to an adverse employment action, whether a substantially younger person filled Plaintiff's prior position, and whether Plaintiff was qualified to do the job from which he was discharged. Liebman, 808 F.3d at 1298.

**i. Plaintiff was subject to an adverse employment action when he was discharged from his role at Hyundai.**

"In order to establish a prima facie case of discrimination under this test, a plaintiff must prove . . . that adverse employment action was taken against him, *e.g.* discharge, demotion,

failure to hire . . . ." Pace v. S. Ry. System, 701 F.2d 1383, 1386 (11th Cir. 1983). Plaintiff's claim is centered on his discharge from his role as the Operations One Kit Manager at Hyundai. See generally Dkt. No. 35. Because discharge from one's employment is per se an adverse employment action, Plaintiff has satisfied his burden of proving that an adverse employment action was taken against him.

**ii. Plaintiff has not shown that his role was replaced by an individual substantially younger than he is.**

Hyundai argues that Plaintiff "cannot show that he was replaced by a substantially younger employee." Dkt. No. 33-2 at 21.[1] "We have stated that even an age difference of three years was sufficient to qualify as 'substantially younger.'" Cooper v. Ga. Dep't. of Transp., 837 F. App'x 657, 670 (11th Cir. 2020) (citing Carter v. DecisionOne Corp, 122 F.3d 997, 1003 (11th Cir. 1997)).

[1] Hyundai also notes that "Plaintiff testified that he believes the individual was over the age of forty." Dkt. No. 33-2 at 21. Importantly, the fact that Plaintiff's replacement was over forty does not impact the Court's analysis. The replacement could still be substantially younger than Plaintiff, even if that person is over the age of forty. See O'Connor v. Consol. Coin Caterers Corp, 517 U.S. 308, 313 (1996) ("Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.").

Here, the only evidence either party points to in support of their arguments is Plaintiff's testimony that he was unaware of his replacement's age but guessed that his replacement was younger than he and over forty years old. Dkt. No. 35 at 7, 88—89; Dkt. No. 33-2 at 21. Even viewing the facts in the light most favorable to Plaintiff, nothing in the record provides the age of Plaintiff's replacement or evidence that Plaintiff was replaced by someone three or more years younger than he. Cooper, 837 F. App'x at 670; Pace, 701 F.2d at 1390 (finding that the plaintiff did not establish a prima facie case of age discrimination because her replacement was "only two years younger").

Accordingly, the Court finds that Plaintiff has failed to meet his burden of putting forth evidence to establish that he was replaced by someone substantially younger than he is. Plaintiff has therefore failed to establish a prima facie case of age discrimination.[2] "[I]n cases where a plaintiff cannot establish a prima facie case, summary judgment [will only] be 'appropriate where no other evidence of discrimination is present.'" Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011) (quoting Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)).

---

[2] Because Plaintiff has failed to establish the third element of a prima facie case, the Court need not discuss the fourth element, i.e., whether Plaintiff was qualified to do the job from which he was discharged.

As discussed infra, the record contains no evidence of age discrimination against Plaintiff.

**B. Pretext**

Even if Plaintiff had established a prima facie case of age discrimination, he fails to meet his next burden under the McDonnell Douglas framework.

"Once an employee has established a prima facie case, 'the burden shifts to the employer to rebut the presumption of discrimination with evidence of a legitimate, nondiscriminatory reason for the adverse employment action.'" Liebman, 808 F.3d at 1298. "If the employer proffers a legitimate, nondiscriminatory reason, the burden shifts back to the employee to show that the employer's reason is a pretext." Id.

**i. Hyundai's Proffered Reason for Terminating Plaintiff**

Hyundai contends that it terminated Plaintiff due to ongoing "performance issues, including deficiencies in customer relations, lack of responsiveness to operational issues, inadequate job knowledge, and failure to take ownership of his responsibilities." Dkt. No. 33-2 at 19 (citing Ha Dep. Tr. 25:1—5). Hyundai shows that it placed Plaintiff under a PIP, which "identified five specific areas requiring improvement—customer relationships, job knowledge, ownership of work, collaboration, and communication—and documented concrete examples of Plaintiff's deficiencies." Id.

at 19—20. The PIP also "warned that failure to demonstrate sustained improvement could result in termination." Id. at 20.

Based on this evidence, the Court finds that Hyundai has satisfied its burden of offering a legitimate, nondiscriminatory reason for Plaintiff's termination to rebut the presumption of discrimination. Therefore, the Court turns to the issue of whether Plaintiff has put forth sufficient evidence to raise a genuine issue of material fact with regard to whether this reason was pretext for discrimination.

**ii. Defendant's Proffered Reason Is Not Pretext**

"A plaintiff may satisfy her burden at the pretext stage 'by showing that [the employer's] proffered reasons are not credible.'" Jones v. RS & H, Inc., 775 F. App'x 978, 986 (11th Cir. 2019). "To show that an employer's reason is not credible, the plaintiff must meet that reason head on and rebut it." Id. at 986. "Plaintiffs may do so by showing 'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's rationale.'" Id. at 986. But "[i]t is not our role to second-guess the business decisions of employers. The wisdom or fairness of the employer's decision is not at issue, only whether the employer gave an honest and non-discriminatory reason for its behavior." Id. "In and of itself, the mere fact that an employer was mistaken about the facts upon which the challenged employment decision was based does not

establish pretext." Id. at 988. "Rather, 'a plaintiff must present evidence from which a reasonable jury could find that the defendant did not honestly believe the facts upon which he allegedly based his non-discriminatory decision.'" Id.

"The burden of proving pretext merges with the plaintiff's ultimate burden of proving that age was a determining factor in his discharge, and it can be met by showing that a discriminatory reason more likely than not motivated the employer's decision, or by discrediting the employer's proffered explanation." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993). "A plaintiff may also defeat a summary judgment motion 'by offering evidence that [the employer] more likely than not acted with a discriminatory motive.'" Jones, 775 F. App'x. at 986. "Indeed, plaintiffs may defeat a summary judgment motion outside of the *McDonnell Douglas* framework by presenting 'a convincing mosaic' of circumstantial evidence that raises a reasonable inference that the employer discriminated against him." Id.

Here, the evidence offered by Plaintiff to prove that Defendant's proffered reason for terminating him—performance deficiencies—is pretext for age discrimination consists almost entirely of Plaintiff's testimony. First, Plaintiff argues that Hyundai never produced evidence of the complaints about Plaintiff's performance to which Mr. Ha alluded in his deposition. Dkt. No. 35 at 6, 224. Plaintiff argues that Hyundai's failure to

produce this evidence "results in a presumption that the lack of evidence damages Defendant." Id. at 8. Plaintiff further argues that "he was never once aware of any deficiencies prior to the PIP." Id. (citing Gil Dep. Tr. 95:9—13). But even drawing all inferences in favor of Plaintiff and assuming the truth of this statement, the PIP itself made Plaintiff aware of his performance deficiencies. Further, Plaintiff's lack of awareness of his performance deficiencies does not indicate that such deficiencies did not exist or that he was fired because of his age.

Next, Plaintiff argues that Mr. Ha "deviated from the company policy in failing to conduct any performance reviews on Plaintiff." Id. at 9. The Employee Handbook provides that Hyundai "conducts semi-annual performance reviews of all employees." Id. at 9, 284. Plaintiff argues that "a jury could infer that if Plaintiff were working there for nearly one year, he would have had at least one performance review prior to the PIP and his termination." Id. at 9. Plaintiff further argues that Mr. Ha's failure to conduct performance reviews of Plaintiff according to the handbook or document Plaintiff's performance deficiencies is evidence of pretext. Id. at 8—9 (citing Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1299 (11th Cir. 2006)) ("[A]n employer's deviation from its own standard procedures may serve as evidence of pretext.")).

But Mr. Ha's testimony that he did not remember conducting a performance review of Plaintiff in written form is insufficient to show a deviation from company policy. This is because the policy, as provided in evidence, does not require that the reviews be conducted in written form. Rather, the policy requires only that semi-annual performance reviews be conducted. Dkt. No. 35 at 9.

In addition, Plaintiff argues that he could not attend his first PIP meeting on September 20, 2024 due to a medical procedure, for which he had already requested time off. Id. at 10. Mr. Ha testified that he did not fire Plaintiff because of his failure to attend the first PIP meeting. Id. at 215. Plaintiff argues that there is a "direct contradiction" between Ha's testimony and record evidence of an email in which Ha reported to HR that Plaintiff had "failed his first PIP meeting today." Id. at 10, 327. Plaintiff further notes that he "was on the PIP for 12 days before he was terminated [and that] the PIP was not even completed before Plaintiff was terminated." Id. at 11.

None of these facts are sufficient to show that Plaintiff was fired for a reason other than his performance deficiencies, let alone for his age. Further, Mr. Ha's statement in his email that Plaintiff had failed his first PIP meeting does not directly contradict his statement that Plaintiff was not fired for his failure to attend the first meeting.

Lastly, Plaintiff argues that his complaints about workplace safety issues "were met with ageist comments, suggesting that Plaintiff's complaints were 'outdated' or 'old school.'" Id. at 11. But these comments were made by individuals other than Mr. Ha, the one ultimately responsible for discharging Plaintiff, and there is no evidence on the record that the comments played a part in Mr. Ha's decision to terminate Plaintiff. See Standard v. ABEL Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (finding that an employee's statement was not probative of a discriminatory intent because that employee was not involved in the decision to terminate the plaintiff); Mauter v. Hardy Corp., 825 F.2d 1554, 1558 (11th Cir. 1987) (finding that a company vice president's statement did not present a genuine issue of material fact as to discriminatory intent when the vice president played no part in the decision to terminate plaintiff and had no knowledge of the decision making process). At most, Plaintiff has brought forth evidence of a few stray comments by non-decision makers. Thus, Plaintiff has not met his burden of presenting evidence to show that Hyundai's proffered reason for his termination is pretext for age discrimination. Further, Plaintiffs' evidence falls far short of "a convincing mosaic" of circumstantial evidence that raises a reasonable inference of discrimination.

In conclusion, even looking at all of the evidence together in the light most favorable to Plaintiff, Plaintiff has failed to

present a convincing mosaic or sufficient evidence to show that his employment at Hyundai was terminated due to his age rather than his performance deficiencies. Thus, Hyundai is entitled to summary judgment on Plaintiff's termination claim.

**CONCLUSION**

Defendant's motion for summary judgment, dkt. no. 33, is **GRANTED** in its entirety. There being no claims remaining, the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 24th day of November, 2026.

__________________________________
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA